IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

JACQUELINE DAVIS,

Plaintiff,

v.

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

Defendant.

ORDER

14-cv-363-jdp

Plaintiff Jacqueline Davis seeks judicial review of a final decision of defendant Carolyn W. Colvin, the Acting Commissioner of Social Security, finding her not disabled within the meaning of the Social Security Act. For reasons provided during the hearing on September 4, 2015, the court will remand this case to the Commissioner for further proceedings.

Davis contends that the ALJ erred in two ways. First, despite finding that Davis's migraines constituted a severe impairment, the ALJ found that her migraines were not frequent enough to significantly limit her. R. 29.[1] Davis contends that the ALJ then neglected to properly account for the migraines in the RFC and in the hypothetical questions that he posed to the VE. Second, Davis argues that the ALJ did not investigate and resolve a discrepancy between the VE's testimony and the DOT, as required by SSR 00-4p. Davis concedes, however, that the discrepancy was not a conflict that requires investigation and resolution under *Overman v. Astrue*, 546 F.3d 456, 463 (7th Cir. 2011). Accordingly, the ALJ's use of the VE's testimony does not provide a basis for remand. But remand is required because the ALJ's consideration of Davis's migraines was not supported by substantial evidence.

The ALJ found Davis's migraine headaches to be a severe impairment. R. 22. He also thoroughly described Davis's medical history, including the history related to her migraines. The

[1] Record cites are to the Administrative Record. Dkt. 8.

ALJ apparently accepted that Davis's migraines were sufficiently debilitating so that she could not work while she had one. But the ALJ concluded that Davis's migraines "do not occur frequently enough to provide any significant functional limitation." R. 29. Unfortunately, the ALJ failed to explain how frequently he believed Davis suffered migraines. The medical records showed that Davis sought treatment or evaluation for migraine nine times in the 17 months before the hearing. And those records suggest that she may have suffered additional migraines before seeking treatment. Thus, the medical record suggests that Davis had migraines at least every other month, and likely more. The ALJ gave good reasons for questioning Davis's testimony. But once the ALJ determined that Davis suffered from debilitating migraines, he had to determine how often they occurred. He failed to do so. And the RFC assigned to Davis must accommodate however many debilitating migraines she is likely to have.

This brings us to a second problem with the ALJ's analysis of Davis's migraines. The ALJ incorporated specific limitations into the RFC that the ALJ suggested were based on Davis's asthma and migraines. R. 23, 29. However, the limitations—relating to Davis's exposure to heat, cold, wetness, humidity and pulmonary irritants—are plausibly tied to Davis's asthma, but they do not make sense as an accommodation of her migraines. Neither the ALJ nor the Commissioner pointed to anything in the record that indicated that any environmental conditions were triggers of Davis's migraines. Davis testified that while she was having a migraine, she was sensitive to light and noise. But the record does not suggest that Davis could continue to work if she avoided light and noise. In sum, the ALJ did not explain how any aspect of the RFC related to Davis's migraines. And based on the court's review of the record, the RFC does not appear to address any limitation arising from Davis's migraines at all.

In sum, the ALJ failed to "build an accurate and logical bridge from the evidence to his conclusion" and the case will be remanded. *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000),

*as amended* (Dec. 13, 2000). On remand, the ALJ should reexamine the record of Davis's treatment for migraines, and explain how he estimates the frequency and severity of Davis's migraines. He must then incorporate any limitations that arise from her migraines into the RFC, and provide an explanation for how those limitations relate to her migraines.

IT IS ORDERED that the decision of defendant Carolyn W. Colvin, Commissioner of Social Security, denying plaintiff Jacqueline Davis's application for disability benefits is REVERSED AND REMANDED under sentence four of 42 U.S.C. § 405(g) for further proceedings consistent with this opinion. The clerk of court is directed to enter judgment for plaintiff and close this case.

Entered September 9, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge